CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 28 2015

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JESSIE L. BRADSHAW,<br>Petitioner, | ) <br> ) <br> ) | Case No. 7:14-cv-00654 |
| v. | ) <br> ) | |
| Harold Clarke,<br>Respondent. | ) <br> ) <br> ) | By: Jackson L. Kiser<br>Senior United States District Judge |

## MEMORANDUM OPINION

Petitioner Jessie L. Bradshaw, a Virginia inmate proceeding *pro se,* filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Respondent filed a motion to dismiss (Doc. No. 8), and Petitioner responded (Doc. No. 18), making the matter ripe for disposition. After reviewing the record, I grant Respondent's motion to dismiss.

### I.

On September 10, 2010, the Lynchburg City Circuit Court sentenced Petitioner to twenty-two years imprisonment, with twelve of those years suspended, after Petitioner pleaded *nolo contendere* to possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, possession of a firearm while in possession of a Schedule I or II controlled substance, and possession of a firearm by a convicted violent felon. Petitioner did not appeal.

On August 28, 2011, Petitioner filed a *pro se* petition for a writ of habeas corpus in the Lynchburg City Circuit Court. Petitioner claimed that he was entitled to habeas relief because: (1) the prosecution committed discovery violations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), (2) trial counsel was ineffective, and (3) the search and seizure was conducted pursuant to an illegal search warrant. The Circuit Court dismissed the petition on April 1, 2014, ruling

1

that Petitioner's claims were "wholly conclusory" and that notice pleading was inadequate in a habeas corpus context. *Bradshaw v. Director*, Final Order, Civil Case No. 11-6269 (Apr. 1, 2014). Petitioner filed a petition for appeal to the Supreme Court of Virginia on August 7, 2014, which the court dismissed as untimely on November 5, 2014. (Record No. 141205.) Additionally, Petitioner filed a petition for a writ of mandamus with the Lynchburg City Circuit Court on August 29, 2014, which was dismissed on November 7, 2014. (Civil Case No. 14-642.)

In the present petition, filed on December 4, 2014, Petitioner alleges (1) that trial counsel was constitutionally ineffective for failing to investigate and challenge a search warrant and failing to seek exculpatory evidence from the Commonwealth, (2) that a search warrant that led to Petitioner's arrest and conviction was constitutionally invalid, (3) that the state Circuit Court took too long to address his state habeas petition, and (4) the Commonwealth failed to disclose exculpatory evidence pursuant to *Brady*.

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] The applicable period for the instant petition began to run from the date on which the judgment of conviction became final. 28 U.S.C. § 2244(d)(1)(A); *see United States v. Clay*, 537 U.S. 522, 524 (2003) (holding a conviction becomes final once the availability of direct review is exhausted). The one-year filing period is tolled while a prisoner's "properly

---

[1] The one-year period of limitations for filing a habeas petition under § 2254 beings to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2254(d)(1).

2

filed application for State post-conviction or other collateral review [is] pending." 28 U.S.C. § 2244(d)(2); *see Wall v. Kholi*, 562 U.S. 545, 558-560 (2011) (discussing proceedings that qualify as collateral review).

Respondent establishes by a preponderance of the evidence that the petition was not timely filed. Petitioner's conviction became final on October 12, 2010, when the time expired for Petitioner to note an appeal from the Lynchburg City Circuit Court to the Court of Appeals of Virginia. *See* Va. Sup. Ct. R. 5A: 6(a) (stating an appeal from the trial court to the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed his state petition for habeas corpus on August 28, 2011, tolling the federal habeas statute of limitations at 320 days. The federal limitations period remained tolled until the Circuit Court dismissed the habeas corpus petition on April 1, 2014.[2] Petitioner again tolled the federal limitations period on August 29, 2014, when he filed his mandamus petition with the Lynchburg City Circuit Court. By that time, however, the limitations period had run for 470 days, well over the year allowed by § 2244(d)(1). With the time between the dismissal of the mandamus petition on November 7, 2014, and the filing of his § 2254 petition on December 4, 2014), Petitioner has overshot the federal limitations period by 132 days. His petition, therefore, is untimely.

Petitioner asserts that this court should exercise its powers of equitable tolling because he did not receive the Circuit Court's order dismissing his state habeas petition until June 2, 2014. The Circuit Court, despite being on notice of Petitioner's change in address, mailed the order to the wrong correctional facility. Petitioner received the order well after the time to file a notice of

---

[2] Although Petitioner filed a petition for appeal with the Supreme Court of Virginia, the court dismissed that petition as untimely. An untimely petition is not considered "properly filed" and therefore cannot toll the federal limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (holding that "a state postconviction petition rejected by the state court as untimely" is not "properly filed" for the purposes of the § 2254 statute of limitations).

3

appeal to the Supreme Court of Virginia had expired. Petitioner immediately filed a notice of appeal on June 3, 2014, and filed his petition for appeal on August 7, 2014. Virginia Supreme Court Rule 5:9(a) requires a petitioner to file a notice of appeal within thirty days after entry of the final appealable order, and Rule 5:17(a) requires the petition to be filed within three months of the entry of the final order. Because Petitioner filed his notice of appeal after May 1, 2014 and his petition for appeal after July 1, 2014, the Supreme Court dismissed his petition as untimely.

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 560 641, 649 (2010).

Petitioner meets the second prong of the equitable tolling test, but he cannot satisfy the first prong. The Circuit Court's error in mailing the final order to the wrong prison was an "extraordinary circumstance" that prevented Petitioner from timely filing his notice of appeal to the Supreme Court of Virginia, but, as Respondent notes, Petitioner had a month from his receipt of the final order before the deadline for filing his petition for appeal. Petitioner admitted that he received Respondent's proposed final order, mailed to him at his correct address on March 28, 2014, and Petitioner had the opportunity, pursuant to Virginia Code § 8.01-428(C), to seek leave to file a delayed notice of appeal.[3] I cannot conclude, therefore, that Petitioner pursued his rights

---

[3] "If counsel, or a party not represented by counsel, who is not in default in a circuit court is not notified by any means of the entry of a final order and the circuit court is satisfied that such lack of notice (i) did not result from

4

diligently during his state post-conviction proceedings. *See, e.g., United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting that *pro se* status and ignorance of the law does not justify equitable tolling). Accordingly, Petitioner filed his federal habeas petition more than one year after the judgment became final, Petitioner is not entitled to equitable tolling, and the petition may be dismissed as time barred.

### III.

Even if this action were commenced within the limitations period, Petitioner's claims are unexhausted and procedurally defaulted. "[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)); 28 U.S.C. § 2254(b)(1). In order to satisfy the exhaustion requirement, the federal claim must be "fairly presented" to the state court. *Picard v. Conner*, 404 U.S. 270, 275 (1971). "[B]oth the operative facts and the controlling legal principles must be presented to the state court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). In his state habeas petition, Petitioner did not fairly present both the legal principles and operative facts of his claims to the state court. He simply listed them as "(a) Brady violations/discovery violations, (b) ineffective assistance of counsel, [and] (c) search and seizure violations/warrant illegal," without including facts or argument in support. The state court thus rejected them as "wholly conclusory," making them unexhausted in this court.

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if

---

a failure to exercise due diligence on the part of that party and (ii) denied that party an opportunity to pursue post-trial relief in the circuit court or to file an appeal therefrom, the circuit court may, within 60 days of the entry of such order, modify, vacate, or suspend the order or grant the party leave to appeal. Where the circuit court grants the party leave to appeal, the computation of time for noting and perfecting an appeal shall run from the entry of such order, and such order shall have no other effect." Va. Code Ann. § 8.01-428(C).

5

the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288; *see also Gray v. Netherland*, 518 U.S. 152, 161 (1986). Were Petitioner to return to the state court, his claims would be procedurally barred under Virginia Code § 8.01-654(B)(2), which requires an initial habeas corpus petition to "contain all allegations the facts of which are known to petitioner at the time of filing."[4] Petitioner has not shown cause and prejudice to excuse the procedural default. Accordingly, the claims must be dismissed as procedurally defaulted.

### IV.

For the forgoing reasons, I grant Respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

Entered: September 28 2015

Jackson L. Kiser
Senior United States District Judge

---

[4] Claims 1, 2, and 4, would be barred as successive, and Claim 3, regarding the state habeas court's internal procedures, is not cognizable on federal habeas review. *See Bryant v. Maryland*, 848 F.2d 492, 493 (1988) (concluding that "a rule that claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief.